This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellant,**

  **v.**          **No. 34,923**

**MATTHEW LEE ESPINOZA,**

   **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven H. Johnston, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennet J. Baur, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     The State appeals from the district court's order dismissing the charges against Defendant Matthew Lee Espinoza without prejudice. This Court issued a first calendar notice proposing summary dismissal for lack of a final, appealable order. The State filed a timely first memorandum in opposition to this Court's notice of proposed disposition. Following this Court's decision in *State v. Angulo*, No. 34,714, mem. op. ¶ 1 (N.M. Ct. App. Jan. 5, 2016) (non-precedential), concluding that the State is entitled to an immediate right of appeal from the district court's order dismissing the case without prejudice, we issued a second notice addressing the merits of the appeal and proposing to affirm. In response, the State filed a timely second memorandum in opposition (MIO), which we have duly considered. Unpersuaded, we affirm.

{2}     In its MIO, the State concedes that it failed to disclose the CAD record as required by the deadlines imposed by Second Judicial District Court Local Rule 2-400 NMRA. [2 MIO 3] However, the State argues that it was not required to disclose the CAD record because there was no showing of materiality to the defense. [2 MIO 3-6] In this Court's second notice, we rejected the State's contention that because it had no intention of calling the field investigator as a witness at trial, it did not need disclose the CAD record, [DS 5-6] by pointing out that Rule 5-501(A)(3) NMRA requires disclosure of evidence "which [is] within the possession, custody or control of the state, and which [is] material to the preparation of the defense *or* [is] intended for use

2

by the state as evidence at the trial[.]" [2 CN 5] However, we also point out that LR 2-400(D)(1) NMRA does not contain any language limiting the State's duty to provide copies of documentary evidence based on a lack of materiality to the defense. As our second notice observed, pursuant to LR 2-400(D)(1), the State is required to make all initial disclosures "described in Rule 5-501(A)(1)-(6) at the arraignment or within five (5) days of when a written waiver of arraignment is filed[.]" [2 CN 4] In addition to those disclosures, however, the State is also required to provide, at the same time, "copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in possession of the state[.]" [2 CN 4-5 (quoting LR 2-400(D)(1)] The Rule provides that evidence in the possession of a law enforcement agency or other government agency is "deemed to be in possession of the state for purposes of this [R]ule." LR 2-400(D)(4). Therefore, we conclude that the plain language of LR 2-400 is broader than that of Rule 5-501(A)(3), requiring the State to provide to the defense copies of documentary evidence irrespective of a showing of materiality.

{3}     For the foregoing reasons, we affirm.

{4}     **IT IS SO ORDERED.**


                                      _____

                                      **J. MILES HANISEE, Judge**

**WE CONCUR:**

3

_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**STEPHEN G. FRENCH, Judge**